# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2026

Lyle W. Cayce
Clerk

_____

No. 25-11284

_____

CHRISTIAN L. JENNINGS,

*Plaintiff—Appellant*,

*versus*

NAMAN HOWELL SMITH & LEE, P.L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-821

_____

Before ELROD, *Chief Judge*, and RICHMAN and DUNCAN, *Circuit Judges*.
PER CURIAM:[*]

Christian L. Jennings seeks to proceed in forma pauperis (IFP) on appeal from the dismissal of her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Jennings's IFP motion constitutes a challenge to the district court's certification that her appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-11284

Jennings argues that the district court misapplied attorney immunity to her state law claims by failing to properly analyze her allegations of knowingly false certifications to the court and negligent supervision at the firm level. However, the filing of documents and any associated actions taken during the representation of the defendant's client fell within the scope of an attorney's duties and were entitled to immunity. *See Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 348-50 (5th Cir. 2016); *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). She has not raised a nonfrivolous challenge to this determination. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

As to her 42 U.S.C. § 1983 claim, Jennings argues that the district court disregarded the defendant's joint participation with state officials and misapplied the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Her conclusory argument is insufficient to show that the defendant was a state actor under the relevant § 1983 standards. *See Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985). Nor did her pleadings demonstrate, with facial plausibility, any conspiracy or joint activity between the defendant and any state actors. *See Iqbal*, 556 U.S. at 678; *Ballard*, 413 F.3d at 518. Thus, Jennings has also not raised a nonfrivolous argument as to the dismissal of this claim. *See Howard*, 707 F.2d at 220.

Finally, Jennings contends that the dismissal of her claims with prejudice at screening without affording her the opportunity to file an amendment addressing the district court's concerns was improper. However, the record supports the district court's determination that providing her the opportunity to file yet another complaint would have been futile. Accordingly, she has not raised a nonfrivolous issue. *See Howard*, 707 F.2d at 220.

No. 25-11284

As Jennings fails to show that her appeal raises a nonfrivolous issue, her IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.